IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00133-MR

| | |
|---|---|
| RAMAR DION BENJAMIN CRUMP, ) </br> ) </br> Plaintiff, ) </br> ) </br> vs. ) </br> ) </br> MECKLENBURG COUNTY DETENTION ) </br> CENTER OFFICERS, et al., ) </br> ) </br> Defendants. ) </br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on initial review of the Plaintiff's pro se Complaint [Doc. 1]. The Plaintiff is proceeding in forma pauperis. [Doc. 6].

I.  **BACKGROUND**

The pro se Plaintiff, who is a pretrial detainee at the Mecklenburg County Jail (MCJ),[1] filed this action pursuant to 42 U.S.C. § 1983,

---

[1] In 2016, the Plaintiff was convicted of nine counts of robbery with a dangerous weapon, ten counts of second-degree kidnapping, one count of conspiracy to commit robbery with a dangerous weapon, two counts of possession of a firearm by a felon, and two counts of assault with a deadly weapon with intent to kill, Case Nos. 13CRS239335-36, 13CRS239339, 13CRS239612-16, 13CRS239618, 13CRS239620-23, 13CRS239625-20, 13CRS239630-31, and 13CRS240427-30. The North Carolina Supreme Court reversed the convictions in December 2020. State v. Crump, 376 N.C. 375, 851 S.E.2d 904 (2020). He is presently being held at MCJ on those charges as well as on a charge of possession of a weapon by a prisoner, Case No. 21CR228538. See https://mecksheriffweb.mecklenburgcountync.gov/Inmate/Details?pid=0000431068&jid=

complaining about an excessive force incident that allegedly occurred at MCJ on September 4, 2021.

The Plaintiff names as Defendants in their individual and official capacities: Mecklenburg County Detention Officers; a Detention & Arrest Response Team (DART) Sergeant, Officer Code #3095; the Officer in Charge of MJC, Officer Code #474308; DART Response Team members; and Mecklenburg County Sheriff's Office (MCSO) officers. [Id. at 1-4]. He alleges that, during an incident led by the DART Team Sergeant and supervised by the OIC, an MCSO officer struck his head from behind with a baton, and numerous officers beat him. [Id. at 5]. He claims that he was hospitalized following the incident and that he sustained permanent injuries. [Id.]. He seeks injunctive relief, damages, and any other relief the Court deems necessary. [Id. at 6].

## II. STANDARD OF REVIEW

Because the Plaintiff is proceeding in forma pauperis, the Court must review the Complaint to determine whether it is subject to dismissal on the grounds that it is "frivolous or malicious [or] fails to state a claim on which relief may be granted." 28 U.S.C. § 1915(e)(2). Furthermore, under § 1915A

---

21-023524&activeOnly=False&prisType=ALL&maxrows=48&page=1 (last accessed June 17, 2022); Fed. R. Evid. 201.

the Court must conduct an initial review and identify and dismiss the complaint, or any portion of the complaint, if it is frivolous, malicious, or fails to state a claim upon which relief may be granted; or seeks monetary relief from a defendant who is immune to such relief. 28 U.S.C. § 1915A.

In its frivolity review, this Court must determine whether the Complaint raises an indisputably meritless legal theory or is founded upon clearly baseless factual contentions, such as fantastic or delusional scenarios. Neitzke v. Williams, 490 U.S. 319, 327-28 (1989). Furthermore, a pro se complaint must be construed liberally. Haines v. Kerner, 404 U.S. 519, 520 (1972). However, the liberal construction requirement will not permit a district court to ignore a clear failure to allege facts in his Complaint which set forth a claim that is cognizable under federal law. Weller v. Dep't of Soc. Servs., 901 F.2d 387 (4th Cir. 1990).

### III. DISCUSSION

To state a claim under § 1983, a plaintiff must allege that he was "deprived of a right secured by the Constitution or laws of the United States, and that the alleged deprivation was committed under color of state law." Am. Mfrs. Mut. Ins. Co. v. Sullivan, 526 U.S. 40, 49-50 (1999).

The Fourteenth Amendment "protects a pretrial detainee from the use of excessive force that amounts to punishment." Graham v. Connor, 490 U.S.

3

386, 395 n.10 (1989). To state an excessive force claim, a pretrial detainee must show only that the force "purposely or knowingly used against him was objectively unreasonable." Kingsley v. Hendrickson, 576 U.S. 389 (2015). The standard for assessing a pretrial detainee's excessive force claim is "solely and objective one." Id. In determining whether the force was objectively unreasonable, a court considers the evidence "from the perspective of a reasonable officer on the scene, including what the officer knew at the time, not with the 20/20 vision of hindsight." Id. (citing Graham, 490 U.S. at 396). Considerations that bear on the reasonableness or unreasonableness of the force include: the relationship between the need for the use of force and the amount of force used; the extent of the plaintiff's injury; any effort made by the officer to temper or limit the amount of force; the severity of the security problem at issue; the threat reasonably perceived by the officer; and whether the plaintiff was actively resisting. Id.

The Fourth Circuit recognizes a cause of action for bystander liability "premised on a law officer's duty to uphold the law and protect the public from illegal acts, regardless of who commits them." Stevenson v. City of Seat Pleasant, Md., 743 F.3d 411, 416-17 (4th Cir. 2014) (quoting Randall v. Prince George's Cnty., 302 F.3d 188, 203 (4th Cir. 2002)). A "bystander officer" can be liable for his or her nonfeasance if he or she: "(1) knows that

a fellow officer is violating an individual's constitutional rights; (2) has a reasonable opportunity to prevent the harm; and (3) chooses not to act." Randall, 302 F.3d at 204.

Here, the Plaintiff asserts excessive force claims against a number of unknown MCSO MCJ detention officers, and DART Team officers who allegedly participated in beating him on September 4, 2021. John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). The designation of a John Doe defendant is generally not favored in the federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery. See Njoku v. Unknown Special Unit Staff, 217 F.3d 840 (4th Cir. 2000). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Schiff, 691 F.2d at 198 (footnote omitted). Here, the Plaintiff has stated a plausible excessive force claim against the individuals who allegedly beat him, and it appears likely that he will be able to identify them through discovery. Schiff, 691 F.2d at 198. Therefore, this action will be permitted to proceed against

the unnamed detention officers, DART Team officers, and MCSO officers at this time.

Moreover, the Plaintiff alleges that the incident was led by the DART Team Sergeant, and was supervised by the OIC. [Doc. 1 at 5]. A supervisor may be liable for the actions of a subordinate if: (1) the supervisor had actual or constructive knowledge that his subordinate was engaged in conduct that posed "a pervasive and unreasonable risk" of constitutional injury to citizens like the plaintiff; (2) the supervisor's response to that knowledge was so inadequate as to show "deliberate indifference to or tacit authorization of the alleged offensive practices;" and (3) there was an "affirmative causal link" between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff. Shaw v. Stroud, 13 F.3d 791, 799 (4th Cir.1994). Construing the allegations liberally and accepting them as true for the purposes of initial review, the Plaintiff's claims against the DART Team Sergeant and OIC will also be permitted to proceed.

The Plaintiff purports to sue the Defendants in their official capacities. He appears to assert that the incident resulted from inadequate training and policy. [Id. 5-6]. Suits against sheriffs employees in their official capacity are in substance claims against the office of the sheriff itself. Gannt v. Whitaker, 203 F.Supp.2d 503, 508 (M.D.N.C. Feb. 26, 2002). To succeed on such a

claim, a plaintiff must allege that a Sheriff's Office policy or custom resulted in the violation of federal law. See Monell v. New York City Dep't of Social Servs., 436 U.S. 658, 694 (1978) (holding that in an official capacity suit, the entity's "policy or custom" must have played a part in the violation of federal law); Oklahoma City v. Tuttle, 471 U.S. 808, 818-20 (1985) (discussing same). Liberally construing the Complaint and construing all inferences in the Plaintiff's favor, he has minimally set forth a Monell claim such that his official capacity claims will be permitted to pass initial review and the Defendants will be required to respond.

It appears that the Plaintiff is also attempting to assert claims of assault and battery under North Carolina law.[2] Federal district courts may entertain claims not otherwise within their adjudicatory authority when those claims "are so related to claims ... within [federal-court competence] that they form part of the same case or controversy." 28 U.S.C. § 1367(a). To exercise supplemental jurisdiction, a court must find that "[t]he state and federal claims ... derive from a common nucleus of operative fact" where a plaintiff "would ordinarily be expected to try them all in one judicial proceeding." United Mine Workers of Am. v. Gibbs, 383 U.S. 715, 725 (1966). When a

---

[2] The Plaintiff only refers to "assault" but the Court will liberally construe the Compliant as also asserting claims of battery.

7

Case 3:22-cv-00133-MR   Document 8   Filed 06/22/22   Page 7 of 9

district court dismisses all claims independently qualifying for the exercise of federal jurisdiction, it "ordinarily dismiss[es] all related state claims." Artis v. Dist. of Columbia, 138 S.Ct. 594, 595 (2018); see 28 U.S.C. § 1367(c)(3). A district court may also dismiss the related state claims if there is a good reason to decline jurisdiction. See 28 U.S.C. § 1367(c)(1), (2), and (4).

North Carolina assault is an offer to show violence to another without striking him, and battery is the carrying of the threat into effect by the infliction of a blow. See generally Dickens v. Puryear, 302 N.C. 437, 445, 276 S.E.2d 325, 330 (1981). While a civil action for assault is available under North Carolina law against one who uses force for the accomplishment of a legitimate purpose such as justifiable arrest, the use of such force under the given circumstances must be excessive for the claimant to prevail. Myrick v. Cooley, 91 N.C.App. 209, 215, 371 S.E.2d 492, 496 (1988). "The question of '[w]hether an officer has used excessive force is judged by a standard of objective reasonableness.'" Jordan v. Civil Service Bd., 153 N.C. App. 691, 698, 570 S.E.2d 912, 918 (2002) (quoting Clem v. Corbeau, 284 F.3d 543, 550 (4th Cir. 2002)).

The Plaintiff's excessive force claims have passed initial review and the North Carolina assault and battery claims are likewise plausible. The

Court will, therefore, exercise supplemental jurisdiction over the claims at this time.

## IV. CONCLUSION

For the foregoing reasons, the Court concludes that Plaintiff's excessive force claims have passed initial review, and the Court will exercise supplemental jurisdiction over his North Carolina claims of assault and battery.

### ORDER

**IT IS, THEREFORE, ORDERED** that:

1. The Plaintiff's excessive force claims against the Defendants have passed initial review.

2. The Clerk of Court is respectfully instructed to mail five blank summonses to Plaintiff to fill out for service of process on the Defendants, and then return the summonses to the Court. The Plaintiff is required to provide the necessary information for the U.S. Marshal to effectuate service on Defendants. As the Court receives the summonses from Plaintiff, the Clerk shall direct the U.S. Marshal to effectuate service upon the Defendants.

**IT IS SO ORDERED.**  Signed: June 22, 2022

Martin Reidinger
Chief United States District Judge