# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION
# CIVIL CASE NO. 3:22-cv-00133-MR

| | |
|---|---|
| RAMAR DION BENJAMIN CRUMP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| MECKLENBURG COUNTY DETENTION ) | |
| CENTER OFFICERS, et al., ) | **ORDER** |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendants' Motion for More Definite Statement [Doc. 13]; the Defendants' Motion for Extension of Time and Deem Motion for More Definite Statement Timely Filed [Doc. 15]; and on the Plaintiff's pro se Declaration for Entry of Default [Doc. 17].

The incarcerated Plaintiff, who is a pretrial detainee at the Mecklenburg County Jail (MCJ), filed this action pursuant to 42 U.S.C. § 1983 complaining about an excessive force incident that allegedly occurred at MCJ on September 4, 2021. [Doc. 1]. He named as Defendants: a Detention & Arrest Response Team (DART) sergeant; the Officer in Charge of MJC (OIC); and unnamed Mecklenburg County Detention Officers, DART Team members, and Mecklenburg County Sheriff's Office (MCSO) officers. In the

Order finding that the Complaint passed initial review, the Court noted that the designation of a John Doe defendant is not favored in federal court, and is appropriate only when the defendant is likely to be identified in discovery. [Doc. 8 at 5]. The Court ordered the Plaintiff to fill out summons forms for service on the Defendants and to return them for service by the U.S. Marshals Service. [Id. at 9]. He was cautioned that he is "required to provide the necessary information for the U.S. Marshal to effectuate service on Defendants." [Id.]. The Plaintiff filled out summons forms for: the DART sergeant and OIC, including officer codes [Doc. 10 at 1, 5]; "Detention & Arrest Response Team (DART) Members" [id. at 3]; "Mecklenburg County Detention Center Officers" [id. at 7]; and Mecklenburg County Sheriff's Office (MCSO) Officers" [id. at 9]. The service returns, which are dated July 26, 2022, were docketed on August 19, 2022. [Doc. 12].

The Defendants filed the instant Motion for More Definite Statement [Doc. 13] and Motion for Extension of Time and Deem Motion for More Definite Statement Timely Filed [Doc. 15] on September 7, 2022. The Plaintiff filed a Response opposing the Defendants' Motions [Doc. 16] and a Declaration for Entry of Default [Doc. 17] on September 15, 2022.[1]

---

[1] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

A court may extend the time when an act may or must be done, for good cause, on a motion made after the time has expired if the party failed to act because of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). Excusable neglect requires consideration of equitable factors such as "danger of prejudice … the length of delay and its potential impact on the judicial proceedings, the reason for the delay, including whether it was in the control of the movant, and whether the movant acted in good faith." Pioneer Inv. Serv. Co. v. Brunswick Assoc., 507 U.S. 380, 395 (1993).

Here, the Defendants explain that they failed to timely respond to the Complaint due to a miscommunication about who was actually named as a Defendant, which resulted in defense counsel not being notified about service until the USMS filed the service returns on August 19, 2022. [Doc. 15]. The Defendants' Motion is granted due to excusable neglect, and the Motion for More Definite Statement is accepted as timely filed.

Rule 55(a) requires the Clerk to enter a default when "a party against whom a judgment for affirmative relief is sought has failed to plead or otherwise defend, and that failure is shown by affidavit or otherwise...." Fed. R. Civ. P. 55(a). The Plaintiff filed his Declaration for Entry of Default after the Defendants filed their Motion for More Definite Statement. Accordingly, the Plaintiff cannot demonstrate that the Defendants have "failed to plead or

3

Case 3:22-cv-00133-MR   Document 20   Filed 11/09/22   Page 3 of 6

otherwise defend" and Rule 55(a) does not apply. See, e.g., EEOC v. Fire Mountain Restaurants, LLC, Case No. 1:11-cv-275, 2012 WL 1432450 (W.D.N.C. April 25, 2012) (denying plaintiff's motion for entry of default that was filed after the defendants filed an answer). The Declaration for Entry of Default is, therefore, denied.

Rule 12(e) provides that "[a] party may move for a more definite statement of a pleading to which a responsive pleading is allowed but which is so vague or ambiguous that the party cannot reasonably prepare a response." Fed. R. Civ. P. 12(e). Whether to require a limited expansion of a complaint is generally left to a district court's discretion. Hodgson v. Virginia Baptist Hospital, Inc., 482 F.2d 821, 824 (4th Cir. 1973). However, the Fourth Circuit has explained that:

> when the complaint conforms to Rule 8(a) and it is neither so vague nor so ambiguous that the defendant cannot reasonably be required to answer, the district court should deny a motion for a more definite statement and require the defendant to bring the case to issue by filing a response within the time provided by the rules. Prompt resort to discovery provides adequate means for ascertaining the facts without delay in maturing the case for trial.

Id.

Here, the Plaintiff sufficiently pleaded that he was beaten by multiple members of the DART team, MCDC officers, and MCSO officers on the night

4

of September 4, 2021 in pod 3900 of the MCDC, and that the incident was at least partially witnessed by the OIC and Dart Team sergeant for whom he has provided officer numbers. [Doc. 1 at 5]. The Defendants now claim that they cannot reasonably respond to the Complaint due to "ambiguity in who is being sued and ambiguity regarding which Defendants allegedly committed the assaults described in the Plaintiff's Complaint."[2] [Doc. 14 at 2]. The pro se incarcerated Plaintiff, who has not yet had the opportunity to engage in discovery, claims that he "never was allowed to see camera recording of the physical assault therefore can't identify who specifically hit [him] from behind" and that the "[o]fficers involved were never identified to [him]." [Doc. 1 at 5]. He cannot reasonably be expected to identify the numerous officers who were allegedly involved in the incident by name at this juncture. However, that information is likely available through discovery and is accessible to the Defendants such that answering the Complaint should not present them with any undue difficulty. The Motion for More Definite Statement is, therefore, denied. The Defendants shall answer or otherwise respond to the Complaint within 14 days of this Order.

---

[2] No Defendant has moved to quash service.

**IT IS, THEREFORE, ORDERED** that:

1. The Defendants' Motion for Extension of Time and Deem Motion for More Definite Statement Timely Filed [Doc. 15] is **GRANTED**.

2. The Defendants' Motion for More Definite Statement [Doc. 13] is **DENIED**.

3. The Plaintiff's pro se Declaration for Entry of Default [17] is **DENIED.**

4. The Defendants shall answer of otherwise respond to the Complaint within 14 days of this Order.

**IT IS SO ORDERED.**

Signed: November 9, 2022

Martin Reidinger
Chief United States District Judge

6

Case 3:22-cv-00133-MR   Document 20   Filed 11/09/22   Page 6 of 6