IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00133-MR

| | | |
|---|---|---|
| **RAMAR DION BENJAMIN CRUMP,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | |
| **MECKLENBURG COUNTY DETENTION CENTER OFFICERS, et al.,** | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

**THIS MATTER** is before the Court on the Plaintiff's pro se "Response to Defendants and Motion for Entry of Default" [Doc. 22], Motion to Strike [Doc. 25], Motion for Appointment of Counsel [Doc. 27], and Motion to File Amended Complaint [Doc. 28].

The incarcerated Plaintiff, who is a pretrial detainee at the Mecklenburg County Jail (MCJ), filed this action pursuant to 42 U.S.C. § 1983 regarding an incident that allegedly occurred at MCJ. [Doc. 1]. The Complaint passed initial review, and service returns indicate that the Defendants were served on July 26, 2022. [See Docs. 8, 12]. On September 7, 2022, defense counsel filed a Motion for More Definite Statement and sought an extension of time to respond to the Complaint. [Docs. 13, 15]. On September 15,

2022,[1] the Plaintiff filed a Declaration for Entry of Default [Doc. 17]. On November 9, 2022, the Court denied the Motion for Entry of Default and extended the time to respond to the Complaint. [Doc. 20]. The Defendants timely filed an Answer on November 21, 2022. [Doc. 21]. The Court entered a Pretrial Order and Case Management Plan setting the deadline to amend and join parties on January 17, 2023. [Doc. 23].

The present "Response to Defendants and Motion for Entry of Default" appears to reply to the Defendants' Response opposing entry of default. [Doc. 22]. This document is dated October 12, 2022, and was received by the Court on November 21, 2022, after the Motion for Entry of Default had been denied. [Docs. 22]. It is, therefore, moot. In any event, it would not have altered the outcome of the Court's November 9 Order had the Court timely received it.

In his Motion to Strike, the Plaintiff asks the Court to strike several affirmative defenses from the Defendants' Answer as insufficient. [Doc. 25]. He disputes the merit of the exhaustion defense, argues that the Defendants are not entitled to qualified immunity, and argues that service of process on

---

[1] See Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

Defendants was sufficient. [Id.]. The Defendants filed a Response opposing the Motion to Strike.[2] [Doc. 26]. The time to reply has expired.

The Plaintiff does not certify in the Motion to Strike that he attempted to confer with defense counsel before filing the Motion. The lack of certification alone warrants the denial of the Motion. See LCvR 7.1(b) (a non-dispositive civil motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel;" motions that fail to do so "may be summarily denied.").

The Motion to Strike also fails on the merits. Federal Rule of Civil Procedure 12(f) provides that "[t]he court may strike from a pleading any insufficient defense...." Fed. R. Civ. P. 12(f); see also Waste Mgmt. Holdings, Inc. v. Gilmore, 252 F.3d 316, 347 (4th Cir. 2001) ("[A] defense that might confuse the issues in the case and would not, under the facts alleged, constitute a valid defense to the action can and should be deleted.") (citation omitted). "The purpose of a Rule 12(f) motion to strike is to avoid the waste of time and money that arises from litigating unnecessary issues." Simaan,

---

[2] The Defendants' Motion to Strike that is included in the Response will be disregarded because it was not filed as a separate pleading. See LCvR 7.1(c)(2) ("Motions shall not be included in responsive briefs. Each motion must be set forth as a separately filed pleading").

3

Inc. v. BP Prods. N. Am., Inc., 395 F. Supp. 2d 271, 278 (M.D.N.C. 2005) (citing Buser v. Southern Food Serv., Inc., 73 F. Supp. 2d 556, 559 (M.D.N.C. 1999)). "Although courts have broad discretion in disposing of motions to strike, such motions are generally viewed with disfavor because striking a portion of a pleading is a drastic remedy and because it is often sought by the movant simply as a dilatory tactic." Chapman v. Duke Energy Carolinas, LLC, No. 3:09-cv-37-RJC, 2009 WL 1652463, at *1 (W.D.N.C. June 11, 2009) (quoting Waste Mgmt., 252 F.3d at 347) (internal quotation marks omitted). "[C]ourts generally refrain from striking affirmative defenses absent a showing that not doing so would unfairly prejudice the movant." Lockheed Martin Corp. v. United States, 973 F. Supp. 2d 591, 592 (D. Md. 2013); Clark v. Milam, 152 F.R.D. 66, 70 (S.D. W. Va. 1993) ("Even where technically appropriate and well-founded, motions to strike defenses as insufficient are often denied in absence of a showing of prejudice to the moving party.") (citation and internal quotation marks omitted). Here, the Plaintiff merely expresses his disagreement with the merit of several of Defendants' affirmative defenses. He has failed to demonstrate an adequate justification for striking any of the defenses, or that not doing so would unfairly prejudice him. Accordingly, the Motion to Strike is denied.

On January 13, 2023, the Plaintiff filed the Motion to File Amended Complaint in which he seeks leave to add the Mecklenburg County Detention Center (MCDC) as a defendant. [Doc. 28]. A plaintiff may amend the complaint once as a matter of course within 21 days after serving the complaint, or within 21 days after service of a responsive pleading or 21 days after service of a motion under Rule 12(b), (e), or (f), which is earlier. Fed. R. Civ. P. 15(a)(1). A plaintiff may subsequently amend with permission from the court which "shall be freely granted when justice so requires." Fed. R. Civ. P. 15(a)(2). As a preliminary matter, the Plaintiff attempts to amend the Complaint in a piecemeal fashion, which will not be allowed. Further, the MCDC is not a "person" subject to suit under § 1983. See Davis v. McFadden, No. 3:21-CV-00449-MR, 2021 WL 5407855, at *2 (W.D.N.C. Nov. 18, 2021); Brooks v. Pembroke City Jail, 722 F.Supp. 1294, 1301 (E.D.N.C. 1989) ("Claims under § 1983 are directed at "persons" and the jail is not a person amenable to suit"). Therefore, amendment that the Plaintiff proposes would be futile and his Motion is denied.

Finally, the Plaintiff asks the Court to appoint counsel to represent him because: he is unable to afford counsel; his imprisonment has greatly limited his ability to litigate; the issues involved in the case are complex and layered due to the numerous Defendants and necessary investigation; the

5

Case 3:22-cv-00133-MR   Document 29   Filed 01/25/23   Page 5 of 7

facility policies and COVID-19 outbreak restrictions have affected Plaintiff's ability to investigate, research, and prepare timely; he believes that his status as a prisoner will cause him to face "delay, impediment and possible stigmatization" should he be forced to conduct discovery himself; he has limited knowledge of the law and limited access to law library facilities; the case will likely involve conflicting testimony and testimony from Plaintiff; and counsel would be better able to present evidence and to cross-examine witnesses. [Id. at 1-2].

There is no absolute right to the appointment of counsel in civil actions such as this one. Therefore, a plaintiff must present "exceptional circumstances" in order to require the Court to seek the assistance of a private attorney for a plaintiff who is unable to afford counsel. Miller v. Simmons, 814 F.2d 962, 966 (4th Cir. 1987). Here, the Plaintiff has failed to demonstrate the existence of exceptional circumstances that would warrant the appointment of counsel, and his Motion is denied.

**IT IS, THEREFORE, ORDERED** that:

1. Plaintiff's "Response to Defendants and Motion for Entry of Default" [Doc. 22] is **DENIED AS MOOT.**

2. Plaintiff's Motion to Strike [Doc. 25] is **DENIED**.

3. Plaintiff's Motion for Appointment of Counsel [Doc. 27] is **DENIED.**

4. Plaintiff's Motion to File Amended Complaint [Doc. 28] is **DENIED**.

**IT IS SO ORDERED.**

Signed: January 25, 2023

Martin Reidinger
Chief United States District Judge