IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00133-MR

| | |
|---|---|
| RAMAR DION BENJAMIN CRUMP, ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> MECKLENBURG COUNTY DETENTION ) <br> CENTER OFFICERS, et al., ) <br> ) <br> Defendants. ) <br> _____ ) | **ORDER** |

**THIS MATTER** is before the Court on the Plaintiff's pro se Motions to Compel Discovery [Docs. 33,[1] 39].

The incarcerated Plaintiff, proceeding pro se, filed this action under 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Mecklenburg County Jail. [See Doc. 1]. The Plaintiff's excessive force claims passed initial review, and the Court exercised supplemental jurisdiction over his North Carolina claims of assault and battery. [Doc. 8]. The Defendants filed an Answer [Doc. 21], and the Court entered a Pretrial

---

[1] Titled "Declaration of Ramar Crump." The Plaintiff was previously instructed that "[o]nly Motions will be ruled on by the Court." [Doc. 3 at 2 (Order of Instructions)]. The Plaintiff is cautioned that any future requests for relief that are not filed as "Motions" will be stricken or disregarded.

Order and Case Management setting the deadlines to complete discovery and to file dispositive motions on March 28, 2023 and April 27, 2023, respectively. [Doc. 23]. The Defendants filed a Motion for Summary Judgment on March 31, 2023. [Doc. 30].

The Plaintiff filed the instant Motions to Compel on April 11 and 26, 2023.[2] The Plaintiff contends that the discovery production that he received from defense counsel on April 10 is incomplete in that he has not received the liability coverage documents that the Defendants declared they would provide in response to Request No. 11; that he Defendants objected to Request Nos. 6 and 15 and failed to answer, even after the Plaintiff consented to a protective order[3]; and that a video recording of the incident was not produced. [Docs. 33-1, 39]. Attached to the Motion are the Plaintiff's Request for Production of Documents & Records dated February 27, 2023, and the Defendants' discovery response dated April 3, 2023. [See Docs. 33, 33-2]. The Defendants oppose the Plaintiff's Motions. [Docs. 37, 40].

The Plaintiff does not certify in the Motions to Compel that he attempted in good faith to resolve the discovery dispute before engaging the

---

[2] Houston v. Lack, 487 U.S. 266, 276 (1988) (establishing the prisoner mailbox rule); Lewis v. Richmond City Police Dep't, 947 F.2d 733 (4th Cir. 1991) (applying prisoner mailbox rule to § 1983 case).

[3] No party has moved for the entry of a protective order in this case to date.

Court's assistance.  The lack of certification alone warrants the denial of the Motions. Fed. R. Civ. P. 37(a)(1); see also LCvR 7.1(b) (a non-dispositive civil motion "must show that counsel have conferred and attempted in good faith to resolve areas of disagreement or describe the timely attempts of the movant to confer with opposing counsel;" motions that fail to do so "may be summarily denied.").

The Motions are also untimely.  Motions to compel generally must be filed by the close of the discovery period.  Surrett v. Consol. Metco, Inc., No. 1:11cv106, 2012 WL 1340548, at *2 (W.D.N.C. Apr.18, 2012) ("Generally, a party must move to compel a party to comply with a discovery request prior to the close of discovery or the motion is untimely."); Anderson v. Caldwell County Sheriff's Office, No. 1:09cv423, 2011 U.S. Dist. LEXIS 144517, at *3-4 (W.D.N.C. Dec. 14, 2011) (Howell, M.J.) (same); Rudolph v. Buncombe County Gov't, No. 1:10cv203, 2011 WL 5326187, at *2 (W.D.N.C. Nov.4, 2011) (same). Because the Plaintiff filed his Motions to Compel after the close of discovery, they are untimely and are also denied on that basis.

**IT IS, THEREFORE, ORDERED** that the Plaintiff's Motions to Compel [Docs. 33. 39] are **DENIED**.

**IT IS SO ORDERED**.

Signed: June 19, 2023

Martin Reidinger
Chief United States District Judge