IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL CASE NO. 3:22-cv-00133-MR

| | |
|---|---|
| RAMAR DION BENJAMIN CRUMP, ) | |
| ) | |
| Plaintiff, ) | |
| ) | **MEMORANDUM OF** |
| vs. ) | **DECISION AND ORDER** |
| ) | |
| MECKLENBURG COUNTY ) | |
| DETENTION CENTER OFFICERS, ) | |
| et al., ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

**THIS MATTER** is before the Court on the Defendants' Motion for Summary Judgment [Doc. 30].

**I.    BACKGROUND**

The incarcerated Plaintiff Ramar Dion Benjamin Crump, proceeding pro se, filed this action pursuant to 42 U.S.C. § 1983 addressing incidents that allegedly occurred at the Mecklenburg County Detention Center ("MCDC") while he was a pretrial detainee.[1]  [See Doc. 1: Complaint].  On June 22, 2022, the Plaintiff's verified Complaint passed initial review against

---

[1] The Plaintiff is presently incarcerated in the North Carolina Department of Adult Corrections.

John Doe Detention & Arrest Response Team ("DART") officers, a DART sergeant, and Mecklenburg County Sheriff's Office ("MCSO") officers for the use of excessive force. [Doc. 8: Order on Initial Review]. The Court exercised supplemental jurisdiction over the Plaintiff's North Carolina assault and battery claims. [Id.]. The Court noted in its Order on initial review of the Complaint that the designation of John Doe defendants is "generally not favored," but nevertheless allowed the claims to proceed "at this time" because "it appears likely that the Plaintiff would be able to identify [the Defendants] through discovery." [Id. at 5-6].

On September 7, 2022, the Defendants moved for a more definite statement, arguing that they were unable to respond to the Complaint due to "ambiguity in who is being sued and ambiguity regarding which Defendants allegedly committed the assaults described in the Plaintiff's Complaint." [Docs. 13; 14 at 2]. The Court denied the Motion on November 9, 2022 because the pro se Plaintiff had not yet had the opportunity to engage in discovery. [Doc. 20 at 5]. As such, he could not have been reasonably expected to identify the numerous officers who were allegedly involved in the incident by name at that juncture. [Id.]. The Court again noted that information that would permit him to identify the Defendants was "likely available through discovery…." [Id.].

On November 28, 2022, the Court entered a Pretrial Order and Case Management Plan setting the deadlines to amend and join parties by January 17, 2023; complete discovery by March 28, 2023; and file dispositive motions by April 27, 2023. [Doc. 23].

The Plaintiff timely moved to amend his Complaint to add MCDC as a Defendant. [Doc. 28]. The Motion to Amend was denied on January 25, 2023 because MCDC is not a proper party under § 1983. [Doc. 29].

The Plaintiff mailed the Defendants his First Set of Interrogatories on February 7, 2023. [Doc. 31-3]. The Defendants mailed their Responses to the Plaintiff on March 7, 2023 along with a consent protective order that would permit the disclosure of certain confidential information to the Plaintiff. [See Doc. 31-4]. The Defendants' Responses included a list of the names of the 15 officers who were present during the incident. [Id. at 3]. The Plaintiff sent defense counsel a Request for Production of Documents on February 27, 2023, to which the Defendants responded on April 3, 2023 [see Docs. 33; 33-2], and another Request for Production of Documents on March 15, 2023, to which the Defendants did not respond [see Doc. 39; Doc. 31 at 7 (noting that both of these discovery requests sought responses outside of the discovery deadline)].

The Defendants filed the instant Motion for Summary Judgment on March 31, 2023. [Doc. 30: MSJ]. Thereafter, the Court entered an Order in accordance with Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), advising Plaintiff of the requirements for filing a response to the summary judgment motion and of the manner in which evidence could be submitted to the Court. [Doc. 34: Roseboro Order]. The Plaintiff filed a Response [Doc. 35: MSJ Response], and the Defendant filed a Reply [Doc. 36: MSJ Reply]. This matter is ripe for disposition.

The Plaintiff filed Motions to Compel on April 11 and 26, 2023, arguing that the Defendants had provided incomplete and inadequate discovery responses. [Docs. 33, 39]. The Motions were denied on June 20, 2023 for lack of certification and as untimely. [Doc. 41].

## II. STANDARD OF REVIEW

Summary judgment shall be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A factual dispute is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A fact is material only if it might affect the outcome of the suit under governing law. Id.

The movant has the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact." Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986) (internal citations omitted).

Once this initial burden is met, the burden shifts to the nonmoving party. The nonmoving party "must set forth specific facts showing that there is a genuine issue for trial." Id. at 322 n.3. The nonmoving party may not rely upon mere allegations or denials of allegations in his pleadings to defeat a motion for summary judgment. Id. at 324. Rather, the nonmoving party must oppose a proper summary judgment motion with citation to "depositions, documents, electronically stored information, affidavits or declarations, stipulations …, admissions, interrogatory answers, or other materials" in the record. See id.; Fed. R. Civ. P. 56(c)(1)(a). Namely, the nonmoving party must present sufficient evidence from which "a reasonable jury could return a verdict for the nonmoving party." Anderson, 477 U.S. at 248. To that end, only evidence admissible at trial may be considered by the Court on summary judgment. Kennedy v. Joy Technologies, Inc., 269 F. App'x 302, 308 (4th Cir. 2008) (citation omitted).

5

When ruling on a summary judgment motion, a court must view the evidence and any inferences from the evidence in the light most favorable to the nonmoving party. Anderson, 477 U.S. at 255. Facts, however, "must be viewed in the light most favorable to the nonmoving party only if there is a 'genuine' dispute as to those facts." Scott v. Harris, 550 U.S. 372, 380, 127 S.Ct. 1769, 1776 (2007). As the Supreme Court has emphasized,

> "[w]hen the moving party has carried its burden under Rule 56(c), the opponent must do more than simply show there is some metaphysical doubt as to the material facts …. Where the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party, there is no 'genuine issue for trial.'" Matsushita Elec. Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 586-87, 106 S. Ct. 1348 (1986) (footnote omitted). "[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 247-28, 106 S. Ct. 2505 (1986). When opposing parties tell two different stories, one of which is blatantly contradicted by the record, so that no reasonable jury could believe it, a court should not adopt that version of the facts for purposes of ruling on a motion for summary judgment.

Scott, 550 U.S. at 380.

### III. DISCUSSION

John Doe suits are permissible only against "real, but unidentified, defendants." Schiff v. Kennedy, 691 F.2d 196, 197 (4th Cir. 1982). The

6

designation of a John Doe defendant "is generally not favored in federal courts; it is appropriate only when the identity of the alleged defendant is not known at the time the complaint is filed and the plaintiff is likely to be able to identify the defendant after further discovery." Njoku v. Unknown Special Unit Staff, 217 F.3d 840, 840 (4th Cir. 2000). "[I]f it does not appear that the true identity of an unnamed party can be discovered through discovery or through intervention by the court, the court could dismiss the action without prejudice." Schiff, 691 F.2d at 197-98. Where a John Doe is initially designated as a defendant, he must "be identified by the time the issues are adjudicated on their merits," because "judgments may not be entered against unnamed defendants." Randolph v. Allen, No. 2:22-cv-00315, 2023 WL 4207482, at *1 (S.D.W. Va. June 27, 2023); see Njoku, 217 F.3d at 840 (stating that "there is no basis to permit a judgment against an unidentified John Doe defendant to be sustained").

The Defendants argue that they should be granted summary judgment because the Plaintiff sued unnamed Defendants, discovery is now closed, the Plaintiff failed to conduct discovery and substitute named Defendants for unnamed Defendants despite having ample time to do so, and never moved to amend the scheduling deadlines or informed the Court that he wished to amend after the deadline to amend or add parties expired. [See Doc. 31;

7

36]. The Plaintiff argues that he was unable to name the Defendants despite using due diligence, at least in part, due to the Defendants' failure to provide adequate discovery responses, and that dismissing this action would not serve the interests of justice. [Doc. 35].

Here, the Complaint was allowed to pass initial review because it appeared that the John Doe Defendants may be identified through discovery, which commenced on November 28, 2022 when the Court issued the Pretrial Order and Case Management Plan. The Plaintiff waited to initiate discovery until more than two months later on February 7, 2023. The deadlines set forth in the Pretrial Order and Case Management Plan have now long expired, and the instant Motion for Summary Judgment has been fully briefed. The Plaintiff has not moved to extend the amendment deadline, or to amend the Complaint to identify any John Doe Defendants.[2] The Court finds that the Plaintiff has not diligently prosecuted this action, that the Plaintiff is either unwilling or unable to name the Defendants, and that the case cannot proceed further against the John Doe Defendants. See, e.g., Martin v. Seabolt, No. 1:21-cv-906, 2023 WL 3074718, at *16 (M.D.N.C. Apr.

---

[2] Such a motion would require a showing of good cause, which the Plaintiff has failed to demonstrate. See Nourison Rug Corp. v. Parvizian, 535 F.3d 295, 298 (4th Cir. 2008) ("after the deadlines provided by a scheduling order have passed, the good cause standard must be satisfied to justify leave to amend the pleadings"); Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent").

8

25, 2023) (finding that the plaintiff's post-discovery failure to identify Doe defendants warranted summary judgment as to the claims against them); Myers v. City of Charleston, No. 2:19-cv-00757, 2021 WL 925326, at *10 (S.D. W. Va. Mar. 10, 2021) (on summary judgment, dismissing from the action John Does, who have not been served and cannot have a judgment entered against them); May v. Univ. Health Sys. of E. Carolina, Inc., No. 4:21-cv-00014-D, 2021 WL 5868135, at *10 (E.D.N.C. Dec. 9, 2021) (dismissing claims against John and Jane Does without prejudice where the plaintiff failed to identify the Doe defendants despite having video footage; the plaintiff did not sufficiently show that the John and Jane Doe defendants would be identifiable through reasonable discovery); see also Attkisson v. Holder, 925 F.3d 606, 625–26 (4th Cir. 2019), *as amended* (June 10, 2019) (affirming *sua sponte* involuntary dismissal of amended complaint where, *inter alia*, plaintiffs attempted to amend beyond the leave authorized by the court and without attempting to demonstrate good cause, failed to substitute named parties for the John Doe agents in violation of a court order, and failed to pursue discovery diligently).

The Defendants' Motion for Summary Judgment is, therefore, granted and this action is dismissed without prejudice.[3]

## IV. CONCLUSION

For the reasons stated herein, the Court grants the Defendants' Motion for Summary Judgment and dismisses this action without prejudice.

### ORDER

**IT IS, THEREFORE, ORDERED** that Defendants' Motion for Summary Judgment [Doc. 30] is **GRANTED** and this action is **DISMISSED WITHOUT PREJUDICE**.

The Clerk of Court is respectfully directed to close this civil case.

**IT IS SO ORDERED.**

Signed: August 28, 2023

Martin Reidinger
Chief United States District Judge

---

[3] The Court makes no determinations about the potential merit or procedural viability of a future action reasserting the instant claims against named defendants.